

**ORDERED in the Southern District of Florida on October 27, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 10-20733-BKC-AJC |
| ) | |
| HARBOUR EAST DEVELOPMENT, LTD. ) | Chapter 11 |
| ) | |
| Debtor. ) | Adv. No. 10-3785-BKC-AJC-A |
| ) | |
| 7935 NBV, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MARIO EGOZI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER GRANTING MOTION FOR LEAVE TO FILE
COUNTERCLAIM AND DENYING MOTION TO CONSOLIDATE**

THIS MATTER came before the Court on June 20, 2011 at 10:00 a.m. for a hearing on

*Mario Egozi's Motion for Leave to File Counterclaim* (D.E. 24) (the "Motion for Leave").

Defendant 7935 NBV, LLC, filed a *Response to Mario Egozi's Motion for Leave to File*

*Counterclaim* (D.E. 33) (the "Response") raising various grounds in opposition to leave to amend, none of which grounds the Court finds valid. Mario Egozi ("Egozi") seeks leave to advance counterclaims against 7935 NBV, LLC, ("NBV"), pursuant to 11 U.S.C. § 509(a) and § 510(c)(1) of the United States Bankruptcy Code, for: (a) equitable subordination; and (b) subrogation. Pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15, NBV will not suffer prejudice by the granting of Egozi's Motion for Leave. Egozi, on the other hand, will be severely prejudiced if he is not permitted to amend. Egozi's Motion for Leave is therefore **GRANTED**.

**A.**     **Jurisdiction.**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334(b). This Court has jurisdiction because this is an action that arises under Title 11 and is related to Debtor's Chapter 11 bankruptcy proceeding and NBV's adversary proceeding currently pending in the United States Bankruptcy Court for the Southern District of Florida, Miami Division. On February 3, 2011, NBV filed an Amended Adversary Complaint to Determine Validity, Extent and Priority of Alleged Liens, for Recharacterization of Alleged Shareholder Loans and for Disallowance of Related Claims (the "Adversary Proceeding") (D.E. 14).

2. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(B)(K) and (O). Alternatively, this Court has "related to" jurisdiction over the dispute.

3. This action is brought pursuant to 11 U.S.C. § 509(a), and 510(c)(1) of the Code, and Bankruptcy Rule 7001.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

B.  **Introduction and Procedural Background.**

5. On December 15, 2010 NBV filed an Adversary Complaint against Egozi. (D.E. 324).

6. On February 3, 2011, NBV filed an Amended Adversary Complaint to Determine Validity, Extent and Priority of Alleged Liens, for Recharacterization of Alleged Shareholder Loans and For Disallowance of Related Claims against Egozi (the "Adversary Complaint"). (D.E. 14).

7. The NBV Adversary Complaint asserts: Count I—Determination of Validity, Priority, and Extent of Alleged Lien and Objection to Egozi Subrogation Claim; Count II—Recharacterization of Loan as Capital Contribution; and Count III—Objection to Egozi Loan Claim. (D.E. 14).

8. On January 18, 2011, counsel filed a Notice of Appearance on behalf of Egozi, who had never previously been represented in the Adversary Proceeding. (D.E. 6).

9. On February 4, 2011, Egozi filed an Answer to the Adversary Complaint. (D.E. 17).

10. On April 7, 2011, Egozi, Harbour East and NBV engaged in an early global settlement conference with the Honorable Judge Isicoff. (D.E. 26). The parties reached an impasse. (D.E. 397).

11. After reaching an impasse, on April 25, 2011, Egozi filed this Motion for Leave. (D.E. 24).

12. On May 31, 2011, NBV filed a Response. (D.E. 33).

13. On June 20, 2011, the Court heard argument of counsel on the Motion for Leave. (D.E. 50).

C.      **Standard for Granting Leave to Amend.**

14.     Egozi seeks leave to amend pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15.

15.     Rule 7015, Fed. R. Bankr. P., governs amendments in adversary proceedings, and provides that Rule 15, Fed. R. Civ. P., applies in adversary proceedings. Rule 7015, Fed. R. Bankr. P. Pursuant to Rule 15(a), Fed. R. Civ. P., a party may amend its pleading with leave of court, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *In re NuMed Home Health Care, Inc.*, 326 B.R. 859, 864 (Bankr. M.D. Fla. 2005); *Pepe (U.K.) Ltd. v. Grupo Pepe, Ltda.*, 1992 WL 313098 at *5 (S.D. Fla. 1992).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given.

*In re NuMed Home Health Care, Inc.*, 326 B.R. at 864; *In re Riley*, 202 B.R. 169, 177 (Bankr. M.D. Fla. 1996) (motion for leave to amend is appropriate even at trial). Thus, "[t]he policy behind Rule 15(a) is clear—amendments shall be *liberally* permitted absent a substantial reason to deny leave to amend." *Pepe*, 1992 WL 313098 at *5 (emphasis added). The court's discretion "is not broad enough to deny leave where there is no basis to do so." *Id*. "[T]he purpose of Rule 15(a) is to assist the disposition of litigation *on the merits of the case* rather than have pleadings become ends in themselves." *In re NuMed Home Health Care, Inc.*, 326 B.R. at 864 (emphasis added).

D.      **Leave to Amend Should be Granted to Dispose of Litigation on the Merits.**

16.     The Adversary Proceeding is at the preliminary stage.

17.     The parties have yet to conduct any discovery in the Adversary Proceeding.

4

18.     No trial is set in the Adversary Proceeding.

19.     Egozi has only had counsel representing him in the Adversary Proceeding since January 18, 2011.  (D.E. 6).

20.     Egozi filed an Answer to the Adversary Complaint on February 4, 2011.  (D.E. 17).

21.     Shortly thereafter, on April 7, 2011, the parties in good faith participated in a global settlement conference, (D.E. 26), but reached an impasse. (D.E. 397).

22.     A few weeks after reaching an impasse, on April 25, 2011, Egozi filed the Motion for Leave.  (D.E. 24).

23.     Under these circumstances, it would be an abuse of discretion to deny Egozi leave to amend to file counterclaims in the Adversary Proceeding.  *Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (abuse of discretion to not give the plaintiff at least one chance to amend the complaint).

**E.     Grounds Raised by NBV in the Response and at the Hearing are Not Persuasive to Deny Egozi Leave to Amend.**

24.     NBV failed to establish any "apparent or declared reason" to support denying Egozi leave to amend.  *See In re NuMed Home Health Care, Inc.*, 326 B.R. at 864.

25.     NBV argued in the Response that leave to amend should be denied because of delay.  The Court finds that Egozi diligently sought leave to amend, especially considering that Egozi filed the Motion for Leave only a few weeks after the parties engaged in an early settlement conference that reached impasse.

26.     NBV argued in the Response that Egozi is seeking to recast claims already asserted by the Debtor.  The Court finds that Egozi is bringing claims as a creditor for injuries that he allegedly individually suffered.

27. The Court finds that Egozi is an individual creditor that is entitled to bring his claims separate and apart from the Debtor.

28. NBV asserts in the Response that leave to amend should be denied because Egozi's claims have already been decided by the state court. The state court found that Northern Trust did not owe a fiduciary duty to Harbour East. The state court made no rulings as to Egozi. The Court notes that, notwithstanding, equitable subordination and subrogation are bankruptcy issues to be determined by this Court. *See e.g.*, *Paul H. Schwendener, Inc. v. Jupiter Elec. Co., Inc.*, 829 N.E.2d 818, 826 (Ill. App. Ct. 2005) (equitable subordination is "distinctly a power of federal bankruptcy courts, as courts of equity, to subordinate the claims of one creditor to those of others").

29. After taking into consideration arguments at the settlement conference, Egozi sought leave to amend to cure many, if not all, of the purported deficiencies alleged by NBV.

30. NBV argues that Egozi, individually, and not Harbour East, should bring his own claims for equitable subordination and subrogation. Egozi is seeking leave to do just that.

31. The Court finds that leave to amend is appropriate because Egozi has standing and has properly pled that he was directly injured by the inequitable conduct and breach of fiduciary duty by Northern Trust, and NBV as its assignee. *See In re LWD, Inc.*, 342 B.R. 514, 520 (Bankr. W.D. Ky. 2006) ("[e]quitable subordination claims are not property of bankruptcy estates but rather may be brought by individual creditors on their own behalf to achieve fair distribution of estate assets") (citing *Matter of Vitreous Steel Products Co.,* 911 F.2d 1223, 1231 (7th Cir.1990)); *see also Official Comm. Unsecured Creditors of Grand Eagle Companies, Inc. v. ASEA Brown Boverie, Inc.*, 313 B.R. 219, 228 (N.D. Ohio 2004) (a creditor may directly assert equitable subordination claims); *In re Fiesole Trading Corp.*, 315 B.R. 198, 204 (Bankr. D.

Mass. 2004) ("[b]ecause § 509 clearly delineates the requirements for and exceptions to subrogation, this Court will not superimpose state law doctrines to expand or contract the right to subrogation provided for under the Bankruptcy"); *In re The Med. Shoppe*, 210 B.R. 310, 314 (Bankr. N.D. Ill. 1997) (Congress specifically created a section of the Bankruptcy Code to deal with subrogation).

Accordingly, based upon the foregoing, and for the reasons stated more particularly on the record at the hearing on October 26, 2011, it is

ORDERED AND ADJUDGED that *Mario Egozi's Motion for Leave to File Counterclaim* (D.E. 24) is GRANTED. The proposed counterclaims attached to the Motion for Leave shall be filed of record within seven (7) days from the entry of this Order. 7935 NBV, LLC, shall respond to the Counterclaims within twenty-one (21) days after service of the filed Counterclaims. The *Motion to Consolidate Adversary Complaints* (D.E. 39) is DENIED as the other pending adversary complaints are dismissed.

###

Copies furnished to all parties and counsel of record by Attorney Bruce Katzen.